UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CRAIG BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Docket no. 2:12-cv-168-GZS |
| | ) |
| JUDGE WODRUFF, et al, | ) |
| | ) |
| Defendants. | ) |

**ORDER OF DISMISSAL**

Before the Court is Plaintiff's latest Complaint (ECF No. 1), which was filed on May 20, 2012 and for which Plaintiff paid the required filing fee on May 29, 2012. The Complaint names sixteen separate defendants and lists eleven separate claims. Plaintiff's Complaint asserts that he is seeking redress for defendants' treatment of him "during the litigation 2:10-cv-523-GZS and 2:11-cv-426-JAD." (Compl. ¶ 26.) At the outset, the Court notes that final judgment has not been entered in either of these two cases and, as a result, the cases have not been subject to appellate review. Thus, it is far from clear that *any* derivative claim Plaintiff might have as a result of these two cases is ripe or, alternatively, is not subject to some version of preclusion. See, e.g., Silva v. New Bedford, 660 F. 3d 76, 78-80 (1st Cir. 2011) (describing claim preclusion).

Assuming such claims are timely and not subject to preclusion, the Court still may act sua sponte to dismiss a complaint that fails to state a plausible claim for relief due to a lack of well-pled facts and "mere conclusory statements." See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Even construing the Complaint liberally with due regard to Plaintiff's pro se status, the Court does not find any basis for concluding that "the pleader is entitled to relief" from any of the named Defendants. Id. at 679 (quoting Fed. Rule Civ. Proc. 8(a)(2)). Rather, it is apparent on

the face of the Complaint that many of the named defendants would be entitled to varying forms of immunity.  See, e.g., Buckley v. Fitzsimmons, 509 U.S. 259, 269-71 (1993) (discussing absolute immunity for prosecutors); Mireless v. Waco, 502 U.S. 9, 9-11 (1991) (per curiam) (describing judicial immunity); Kincaid v. Vail, 969 F.2d 594, 601 (7th Cir. 1992) (describing quasi-judicial immunity for court employees).  In short, the Court is amply satisfied on its sua sponte review that the Complaint lacks any merit and that any amendment would be futile.

Alternatively, the Court also finds that Plaintiff's Complaint is frivolous and reflects a pattern of being an abusive litigant – a problem for which he has received previous warnings.[1] The Court cannot stand by and allow Mr. Brown to continue to waste scarce judicial resources by repeatedly filing meritless and confusing litigation that only reiterates claims he has already presented for judicial review.  Given the prior Cok warnings and having reviewed and considered the merits of the Complaint, the Court alternatively finds that it is appropriate to invoke the rare sanction of dismissing this Complaint.  Additionally, Mr. Brown is warned that the filing of any further apparently meritless and frivolous complaints in this District will result in an order from this Court restricting his ability to file any and all future pleadings.  See Cok v. Family Court of Rhode Island, 985 F.2d 32, 35 (1st Cir. 1993).

For the reasons stated herein, the Complaint is hereby DISMISSED and the Clerk is directed to enter final judgment accordingly.

SO ORDERED.

    /s/ George Z. Singal            
   United States District Judge

Dated this 31st day of May, 2012.

---

[1] Plaintiff's prior case filings include:  (1) Brown v. Camden (D. Me. Docket 2:10-cv-63-GZS) (final judgment entered on May 10, 2010); (2) Brown v. Ferrara (D. Me. Docket 2:10-cv-523) (the Court currently has multiple motions under advisement and has issued multiple Cok warnings (ECF Nos. 134, 203 & 261)) (3) Brown v. State of Maine (D. Me. Docket 2:11-cv-426-JAD) (multiple motions to dismiss pending as well as a motion for sanctions).